*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

                           )

RAJEEV A. KHAN and TASNIM A.  )     Civ. No.: 12-117
KHAN,                            )

          Plaintiffs,       )

v.                        )     MEMORANDUM
                            )      OPINION

BANK OF AMERICA HOME     )
LOAN SERVICING L.P. and    )
REAL TIME RESOLUTIONS,   )

          Defendants.      )

_____

WOLFSON, United States District Judge:

      This matter having been brought before the Court by pro se Plaintiffs Rajeev A.

Khan and Tasnim A. Khan (collectively, "Plaintiffs") seeking to remand this matter

back to the Superior Court of New Jersey, Monmouth County; it appearing that

Defendant Real Time Resolutions ("Real Time") has also moved to strike Plaintiff's

Amended Complaint; and it further appearing that:

1.     Plaintiffs initially filed this action in the Superior Court of New Jersey,

      Monmouth County, on November 22, 2011.  Plaintiffs' claims arise out of

      Defendant Real Time's and Bank of America Home Loan Servicing L.P.'s

      ("BOA's") (collectively, "Defendants'") refusal to modify Plaintiffs' home equity

      loan on their home located at 478 Tivoli Court, Marlboro, NJ 07751 ("the

      Property").  In that complaint, Plaintiffs assert a Truth in Lending Act, 15 U.S.C.

§ 1601 et seq. ("TILA") claim and several state law claims, citing New York law for one of the state law claims.

2.    On January 6, 2012, the New Jersey Superior Court, Chancery Division, Monmouth County, entered an order restraining BOA and Real Time from selling, assigning, or transferring the Property while the suit was pending. <u>See</u> Pl. Mot. Remand, Exh. 12 (Order dated January 6, 2012).

3.    That same day, the case was removed to this Court by Real Time. BOA did not join in the removal, as is proper since there is no indication in the record that BOA had been served prior to the removal. <u>Brown v. Jevic</u>, 575 F.3d 322, 327 (3d Cir. 2009) ("a defendant who has not been served need not consent to removal.") Following removal, Real Time filed its answer to Plaintiffs' initial complaint on January 20, 2012.

4.    On February 2, 2012, Plaintiffs sought an entry of default against BOA and Real Time through the Clerk of this Court. In response to their request, the Clerk's Office requested additional information to confirm whether service was proper under the Federal Rules of Civil Procedure. The Clerk's Office response, however, was returned as undeliverable with a note from the post office stating: "NOT DELIVERABLE AS ADDRESSED. UNABLE TO FORWARD." The address the Clerk's Office mailed to was the one listed on the Notice of Removal as Plaintiffs' address: 478 Tivoli Court, Marlboro, NJ 07751. No electronic notice was transmitted to Plaintiffs as they were not registered for electronic delivery.

2

5.    Ultimately, the Clerk's Office denied Plaintiffs' request for an entry of default against the Defendants, noting that Real Time had filed an answer and that "service was not made on defendant Bank of America Home Loan Servicing." Docket Entry dated February 21, 2012.

6.    On March 16, 2012, Plaintiffs requested that summons issue so that they could make personal service of the complaint upon both BOA and Real Time.[1] Summons were issued that same day. Also on March 16, 2012, Plaintiffs filed an amended complaint asserting similar claims and incorporating additional facts.

7.    On April 6, 2012, and subsequently on April 9, 2012, BOA requested an extension of the time to answer. That request was granted, making BOA's answer due by April 18, 2012.[2] On April 16, 2012, BOA requested that its time to answer the amended complaint be adjourned until ten (10) days following this Court's decisions on the pending motion to remand and motion to strike. Having set forth the procedural history, I now turn to those motions.

8.    Plaintiffs' motion to remand was filed on March 9, 2012, in the midst of the service and default issues outlined above. In that motion, Plaintiffs argue that

---

[1]    In this correspondence, Plaintiffs also listed a New York address: 108-37, 69th Road, Forest Hills, NY 11375, which address has now been listed on the docket as Plaintiffs' address.

[2]    Plaintiffs again sought an entry default against BOA on April 13, 2012 but because BOA's extension of time to answer was granted, Plaintiffs' request was denied.

remand is appropriate because they were never served with the Notice of Removal and they also attack the jurisdiction of this Court.

9.   According to Plaintiffs, their initial complaint makes clear that their mailing address is 108-37, 69th Road, Forest Hills, NY 11375, and it was Real Time that inappropriately relied upon the New Jersey address to which their home equity line of credit was attached in serving the Notice there.  Moreover, they argue, that the docket incorrectly reflected the New Jersey address is Real Time's doing—not theirs.  Indeed, a review of Plaintiffs' initial complaint reveals that the New York address is listed as their address on the last page of the document.  In opposition to Plaintiffs' motion, Real Time argues that the New York address is not a valid address either.  As proof of this assertion, Real Time attaches a copy of an envelope mailed to the New York address that was returned to sender.   The note from the post office states "NO MAIL RECEPTACLE.   UNABLE TO FORWARD."   See Wolf Cert., Exh. A. Conversely, Plaintiffs assert that they have received mail at the New York address.

10.   "After filing the notice of removal with the federal court, the defendant must give written notice of removal to the plaintiff ...." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3729 (3d ed. 2004).  Specifically, section 1446(d) provides that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties." 28 U.S.C. § 1446(d).  A recent decision in the

4

District of Columbia succinctly explains the state of the law relating to written

notice:

> Although one district court has suggested that § 1446(d)
> requires actual receipt of the notice, see Kovell v. Pa. R.R.
> Co., 129 F.Supp. 906, 909 (N.D.Ohio 1954), more recent
> authorities hold that a good faith effort to provide written
> notice to the plaintiff satisfies the requirement absent any
> prejudice to the plaintiff, see Alston v. Sofa Express, Inc.,
> 2006 WL 3331685, at *2 (S.D.Ohio Nov. 15, 2006); Arnold v.
> CSX Hotels, Inc., 212 F.Supp.2d 634, 637 (S.D.W.Va.2002)
> (citing L & O P'ship No. 2 v. Aetna Casualty & Surety Co.,
> 761 F.Supp. 549 (N.D.Ill.1991)); see also Calderon v.
> Pathmark Stores, Inc., 101 F.Supp.2d 246, 248 (S.D.N.Y.
> 2000) (concluding that remand was not appropriate based
> on the defendant's alleged failure to provide timely notice of
> removal because "the delay was relatively short and no
> action was taken by the state court between the time of
> actual removal and the time of the requisite notice" such
> that "the alleged defect [was] harmless and, not being
> jurisdictional, creates no basis for remand").

Busby v. Capital One, N.A., 759 F.Supp.2d 81, 86 (D.D.C. 2011).  In short, while

a written notice must be provided, failure to timely provide that notice will not

defeat removal where there was a good faith attempt at notice, the delay was

insignificant, and the adverse party suffered no prejudice.  Moreover, "[s]ection

1446(d) does not require 'formal' or 'personal' service of a notice of removal upon

a plaintiff; it merely requires 'written notice."  Runaj v. Wells Fargo Bank, 667

F.Supp.2d 1199, 1202 (S.D.Cal. 2009).[3]

---

[3]    Plaintiff cites 14 C.F.R. § 13.211 for the proposition that a Notice of
Removal must be properly served.  That regulation, however, is a Department of
Transportation promulgation that bears no relationship to this case.  The provision
governing notice to an adverse party of removal is found in 28 U.S.C. § 1446(d).

11.    In my view, Real Time made a good faith attempt at notice in this case by initially mailing the January 6, 2012 Notice of Removal to the Property address, which is a valid postal address even if it Plaintiffs no longer receive mail there and, further, by mailing subsequent documents, <u>e.g.</u>, a pro hac vice motion, to both the Property address and the New York address.  The pro hac vice motion papers, dated January 19, 2012, were actually received by Plaintiffs, as evinced by their January 26, 2012 letter opposing the motion in which they reference the January 19th letter.  <u>See</u> Pl. Afft. in Supp. Mot. Remand at ¶ 3.

12.    Even if Real Time's efforts did not constitute a good faith attempt, Plaintiffs January 26th letter proves that they became aware of the removal around two weeks after it was accomplished.  Thus, the delay experienced by Plaintiffs was not significant.

13.    Furthermore, Plaintiffs have not argued that they suffered prejudice, <u>i.e.</u>, that there were additional proceedings in state court during the time frame that Plaintiffs were unaware of the removal.  <u>See</u> <u>Arnold v. CSX Hotels, Inc.</u>, 212 F.Supp.2d 634 (S.D.W.Va. 2002) (defining the prejudice inquiry as whether "significant action took place in state court in the interim."); <u>LaMaina v. Brannon</u>, 804 F.Supp. 607 (D.N.J.1992) (remanding where the plaintiff attended a hearing in state court between the time the removal petition was filed and notice was given, and obtained a favorable ruling at that hearing).  To this Court's knowledge, the only activity in state court was that court's entry of an order on January 6th restraining BOA and Real Time from selling, assigning,

6

or transferring the Property while the suit was pending in state court.

14.     In addition, the Court notes that Plaintiffs availed themselves of this Court's

process on February 2, 2012 by requesting that the Clerk enter default against

BOA and Real Time on that date.  Some courts have held that a plaintiff who

fails to object upon receiving actual notice of removal and actively participates

in the federal proceedings waives his or her right to seek remand.  See Dukes

v. South Carolina Ins. Co., 770 F.2d 545, 548 (5th Cir. 1985) (collecting cases).

For all of these reasons, I conclude that the failure to Plaintiffs' to receive

timely, actual notice of the removal does not amount to a procedural defect

justifying remand in this case.[4]  Accord Busby, 759 F.Supp.2d at 87.[4]

---

[4]     The Court further notes that the removal statute provides that "[a] motion
to remand the case on the basis of any defect other than lack of subject matter
jurisdiction must be made within 30 days after the filing of the notice of removal under
section 1446(a)."  Arguably, Plaintiffs' notice argument would fall within the category
of procedural defects that should have been raised within 30 days of the filing of the
notice even though this argument was raised alongside a jurisdictional argument,
addressed infra, to which the 30-day time limit does not apply.  See Ariel Land
Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003) ("The statute is clear that, if
based on a defect other than jurisdiction, remand may only be effected by a timely
motion.").  Plaintiffs' motion was filed on March 9, 2012, which is over two months
after the Notice of Removal was filed and around six weeks after Plaintiffs' received
actual notice.

[4]     Plaintiffs further appear to argue that Defendants did not remove within
30 days of being served with the complaint in state court.  Indeed, a notice of removal
must be filed in the federal court within thirty (30) days after receipt, "through service
or otherwise, of a copy of the initial pleading setting forth the claim for relief upon
which such action or proceeding is based." 28 U.S.C. § 1446(b).  However, Plaintiffs
have not set forth in their papers the purported date that Real Time received a copy
of the complaint.  Because Plaintiffs have not established that Real Time received the
complaint more than thirty days prior to filing the removal notice, I reject Plaintiffs'
argument on these facts.  Accord Donnelly v. Option One Mortg. Corp., No. 11-7019,

15.   Turning to Plaintiff's jurisdictional attack, Plaintiffs focus their arguments on a purported lack of diversity jurisdiction.  However, they fail to address whether federal question jurisdiction exists and Plaintiffs' federal TILA claim clearly creates subject matter jurisdiction in this Court.  See Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 500-01 (3d Cir. 1998) (holding that section 1640(e) [of TILA] grants jurisdiction over TILA actions to federal courts).

16.   Because I conclude that this Court has subject matter jurisdiction over the suit on account of the federal question raised in Plaintiff's initial complaint, I do not address whether there also exists diversity jurisdiction under 28 U.S.C. § 1332.  The Court notes, however, that it could not rule upon whether diversity exists on the present record because Real Time has not set forth in the Notice of Removal its place of incorporation, nor has it set forth BOA's principal place of business and place of incorporation.  In determining a corporation's citizenship for diversity purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added).  For complete diversity to be demonstrated in this case, Real Time would have to provide the Court with this additional information for all defendants.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("[d]efendants may

---

2012 WL 1299270, *3 (D.N.J. Apr. 13, 2012).  Moreover, as noted supra, this sort of challenge should have been raised by Plaintiffs within 30 days after the removal notice was filed or after they became aware of the removal.

remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants ...”).  Moreover, neither the Notice of Removal nor the complaint set forth the amount in controversy and Plaintiffs assert in their motion to remand papers that the amount in dispute is only $35,000.  Should Plaintiffs subsequently amend their complaint to abandon their TILA claim, Real Time would need to supplement the record in order to establish diversity jurisdiction.

17.  With regard to Real Time’s motion to strike, the Court agrees that Plaintiffs’ amended complaint does not comply with Federal Rule of Civil Procedure 15.

Rule 15(a) provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires

Here, Plaintiffs did not amend within 21 days of serving its complaint on Real Time.[5]  Nor did Plaintiffs amend within 21 days of Real Time’s answer, which

---

[5]      Real Time disputes whether it was properly served in the state court action.  See Real Time Opp. at ¶ 13.  But, even assuming that service was proper on some unspecified date prior to removal, Plaintiffs did not amend even within 21 days

was filed on January 20, 2012.  Instead, they filed their amended complaint almost two months later on March 16, 2012.  Accordingly, Plaintiff's were not entitled to amend their complaint as of right under Rule 15(a)(1) and they were, instead, required to obtain consent or seek leave of Court pursuant to Rule 15(a)(2).  If Plaintiffs still wish to amend their initial complaint, they must comply with this latter provision.

18.   Lastly, the Court addresses BOA's request to extend its time to answer. Because the Court has stricken the amended complaint, BOA must now answer Plaintiffs' initial complaint.  The Court hereby grants BOA seven (7) days following the date of the Order accompanying this Opinion to file its answer.  In reaching this conclusion, the Court notes that BOA has already once been granted an extension of time within which to answer.  Hence, the Court find seven (7) days rather than the ten (10) requested appropriate.

19.   Based on the foregoing, the Court DENIES Plaintiffs' motion to remand and GRANTS Real Time's motion to strike the amended complaint.  An appropriate Order shall follow.


Date:  April 27, 2012

                                                  /s/ Freda L. Wolfson
                                                  Freda L. Wolfson, U.S.D.J.

---

of the removal date or the date Plaintiffs received actual notice.  Real Time removed the action on January 6, 2012 and Plaintiffs did not amend until March 16, 2012—well over six weeks after Plaintiffs became aware of the removal.