*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAJEEV A. KHAN and TASNIM A. KHAN, | ) ) ) ) | Civ. No.: 12-117 |
| Plaintiffs, | ) ) |  |
| v. | ) ) | MEMORANDUM OPINION |
| BANK OF AMERICA HOME LOAN SERVICING L.P. and REAL TIME RESOLUTIONS, | ) ) ) ) |  |
| Defendants. | ) ) |  |

WOLFSON, United States District Judge:

This matter having been brought before the Court by pro se Plaintiffs Rajeev A. Khan and Tasnim A. Khan (collectively, "Plaintiffs") seeking to remand this matter back to the Superior Court of New Jersey, Monmouth County; it appearing that Defendant Real Time Resolutions ("Real Time") has also moved to strike Plaintiff's Amended Complaint; and it further appearing that:

1. Plaintiffs initially filed this action in the Superior Court of New Jersey, Monmouth County, on November 22, 2011. Plaintiffs' claims arise out of Defendant Real Time's and Bank of America Home Loan Servicing L.P.'s ("BOA's") (collectively, "Defendants'") refusal to modify Plaintiffs' home equity loan on their home located at 478 Tivoli Court, Marlboro, NJ 07751 ("the Property"). In that complaint, Plaintiffs assert a Truth in Lending Act, 15 U.S.C.

§ 1601 et seq. ("TILA") claim and several state law claims, citing New York law for one of the state law claims.

2. On January 6, 2012, the New Jersey Superior Court, Chancery Division, Monmouth County, entered an order restraining BOA and Real Time from selling, assigning, or transferring the Property while the suit was pending. See Pl. Mot. Remand, Exh. 12 (Order dated January 6, 2012).

3. That same day, the case was removed to this Court by Real Time. BOA did not join in the removal, as is proper since there is no indication in the record that BOA had been served prior to the removal. Brown v. Jevic, 575 F.3d 322, 327 (3d Cir. 2009) ("a defendant who has not been served need not consent to removal.") Following removal, Real Time filed its answer to Plaintiffs' initial complaint on January 20, 2012.

4. On February 2, 2012, Plaintiffs sought an entry of default against BOA and Real Time through the Clerk of this Court. In response to their request, the Clerk's Office requested additional information to confirm whether service was proper under the Federal Rules of Civil Procedure. The Clerk's Office response, however, was returned as undeliverable with a note from the post office stating: "NOT DELIVERABLE AS ADDRESSED. UNABLE TO FORWARD." The address the Clerk's Office mailed to was the one listed on the Notice of Removal as Plaintiffs' address: 478 Tivoli Court, Marlboro, NJ 07751. No electronic notice was transmitted to Plaintiffs as they were not registered for electronic delivery.

5.  Ultimately, the Clerk's Office denied Plaintiffs' request for an entry of default against the Defendants, noting that Real Time had filed an answer and that "service was not made on defendant Bank of America Home Loan Servicing." Docket Entry dated February 21, 2012. On March 16, 2012, Plaintiffs requested that summons issue so that they could make personal service of the complaint upon both BOA and Real Time.[1] Summons were issued that same day.

6.  Also on March 16, 2012, Plaintiffs filed an amended complaint asserting similar claims, although not referencing the TILA statute, and incorporating additional facts. In a decision issued earlier today on Defendants' motion to strike that complaint, Magistrate Judge Goodman ruled that Plaintiffs were entitled to file that amended complaint as of right pursuant to Federal Rule of Civil Procedure 15.[2]

7.  Plaintiffs' motion to remand was filed on March 9, 2012, in the midst of the service and default issues outlined above. In that motion, Plaintiffs argue that remand is appropriate because they were never served with the Notice of Removal and they also attack the jurisdiction of this Court.

8.  According to Plaintiffs, their initial complaint makes clear that their mailing address is 108-37, 69th Road, Forest Hills, NY 11375, and it was Real Time that

---

[1] In this correspondence, Plaintiffs also listed a New York address: 108-37, 69th Road, Forest Hills, NY 11375, which address has now been listed on the docket as Plaintiffs' address.

[2] Initially unaware of Judge Goodman's ruling, this Court also issued a decision earlier today on the motion to strike. That decision has since been vacated.

   inappropriately relied upon the New Jersey address to which their home equity line of credit was attached in serving the Notice there. Moreover, they argue, that the docket incorrectly reflected the New Jersey address is Real Time's doing—not theirs. Indeed, a review of Plaintiffs' initial complaint reveals that the New York address is listed as their address on the last page of the document. In opposition to Plaintiffs' motion, Real Time argues that the New York address is not a valid address either. As proof of this assertion, Real Time attaches a copy of an envelope mailed to the New York address that was returned to sender. The note from the post office states "NO MAIL RECEPTACLE. UNABLE TO FORWARD." See Wolf Cert., Exh. A. Conversely, Plaintiffs assert that they have received mail at the New York address.

9.  "After filing the notice of removal with the federal court, the defendant must give written notice of removal to the plaintiff ...." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3729 (3d ed. 2004). Specifically, section 1446(d) provides that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties." 28 U.S.C. § 1446(d). A recent decision in the District of Columbia succinctly explains the state of the law relating to written notice:

> Although one district court has suggested that § 1446(d) requires actual receipt of the notice, see Kovell v. Pa. R.R. Co., 129 F.Supp. 906, 909 (N.D.Ohio 1954), more recent

>   authorities hold that a good faith effort to provide written notice to the plaintiff satisfies the requirement absent any prejudice to the plaintiff, see Alston v. Sofa Express, Inc., 2006 WL 3331685, at *2 (S.D.Ohio Nov. 15, 2006); Arnold v. CSX Hotels, Inc., 212 F.Supp.2d 634, 637 (S.D.W.Va.2002) (citing L & O P'ship No. 2 v. Aetna Casualty & Surety Co., 761 F.Supp. 549 (N.D.Ill.1991)); see also Calderon v. Pathmark Stores, Inc., 101 F.Supp.2d 246, 248 (S.D.N.Y. 2000) (concluding that remand was not appropriate based on the defendant's alleged failure to provide timely notice of removal because "the delay was relatively short and no action was taken by the state court between the time of actual removal and the time of the requisite notice" such that "the alleged defect [was] harmless and, not being jurisdictional, creates no basis for remand").

Busby v. Capital One, N.A., 759 F.Supp.2d 81, 86 (D.D.C. 2011). In short, while a written notice must be provided, failure to timely provide that notice will not defeat removal where there was a good faith attempt at notice, the delay was insignificant, and the adverse party suffered no prejudice. Moreover, "[s]ection 1446(d) does not require 'formal' or 'personal' service of a notice of removal upon a plaintiff; it merely requires 'written notice.'" Runaj v. Wells Fargo Bank, 667 F.Supp.2d 1199, 1202 (S.D.Cal. 2009).[3]

10. In my view, Real Time made a good faith attempt at notice in this case by initially mailing the January 6, 2012 Notice of Removal to the Property address, which is a valid postal address even if it Plaintiffs no longer receive mail there and, further, by mailing subsequent documents, e.g., a pro hac vice motion, to

---

[3] Plaintiff cites 14 C.F.R. § 13.211 for the proposition that a Notice of Removal must be properly served. That regulation, however, is a Department of Transportation promulgation that bears no relationship to this case. The provision governing notice to an adverse party of removal is found in 28 U.S.C. § 1446(d).

both the Property address and the New York address. The pro hac vice motion papers, dated January 19, 2012, were actually received by Plaintiffs, as evinced by their January 26, 2012 letter opposing the motion in which they reference the January 19th letter. See Pl. Afft. in Supp. Mot. Remand at ¶ 3.

11. Even if Real Time's efforts did not constitute a good faith attempt, Plaintiffs January 26th letter proves that they became aware of the removal around two weeks after it was accomplished. Thus, the delay experienced by Plaintiffs was not significant.

12. Furthermore, Plaintiffs have not argued that they suffered prejudice, i.e., that there were additional proceedings in state court during the time frame that Plaintiffs were unaware of the removal. See Arnold v. CSX Hotels, Inc., 212 F.Supp.2d 634 (S.D.W.Va. 2002) (defining the prejudice inquiry as whether "significant action took place in state court in the interim."); LaMaina v. Brannon, 804 F.Supp. 607 (D.N.J.1992) (remanding where the plaintiff attended a hearing in state court between the time the removal petition was filed and notice was given, and obtained a favorable ruling at that hearing). To this Court's knowledge, the only activity in state court was that court's entry of an order on January 6th restraining BOA and Real Time from selling, assigning, or transferring the Property while the suit was pending in state court.

13. In addition, the Court notes that Plaintiffs availed themselves of this Court's process on February 2, 2012 by requesting that the Clerk enter default against BOA and Real Time on that date. Some courts have held that a plaintiff who

fails to object upon receiving actual notice of removal and actively participates in the federal proceedings waives his or her right to seek remand. See Dukes v. South Carolina Ins. Co., 770 F.2d 545, 548 (5th Cir. 1985) (collecting cases). For all of these reasons, I conclude that Plaintiffs' failure to receive timely, actual notice of the removal does not amount to a procedural defect justifying remand in this case.[4] Accord Busby, 759 F.Supp.2d at 87.[4]

14. Turning to Plaintiff's jurisdictional attack, Plaintiffs focus their arguments on a purported lack of diversity jurisdiction. However, they fail to address whether

---

[4] The Court further notes that the removal statute provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Arguably, Plaintiffs' notice argument would fall within the category of procedural defects that should have been raised within 30 days of the filing of the notice even though this argument was raised alongside a jurisdictional argument, addressed infra, to which the 30-day time limit does not apply. See Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003) ("The statute is clear that, if based on a defect other than jurisdiction, remand may only be effected by a timely motion."). Plaintiffs' motion was filed on March 9, 2012, which is over two months after the Notice of Removal was filed and around six weeks after Plaintiffs' received actual notice.

[4] Plaintiffs further appear to argue that Defendants did not remove within 30 days of being served with the complaint in state court. Indeed, a notice of removal must be filed in the federal court within thirty (30) days after receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However, Plaintiffs have not set forth in their papers the purported date that Real Time received a copy of the complaint. Because Plaintiffs have not established that Real Time received the complaint more than thirty days prior to filing the removal notice, I reject Plaintiffs' argument on these facts. Accord Donnelly v. Option One Mortg. Corp., No. 11-7019, 2012 WL 1299270, *3 (D.N.J. Apr. 13, 2012). Moreover, as noted supra, this sort of challenge should have been raised by Plaintiffs within 30 days after the removal notice was filed or after they became aware of the removal.

federal question jurisdiction existed at the time of the removal; Plaintiffs' federal TILA claim in their initial complaint clearly creates subject matter jurisdiction in this Court. See Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 500-01 (3d Cir. 1998) (holding that section 1640(e) [of TILA] grants jurisdiction over TILA actions to federal courts). While Plaintiffs' Amended Complaint no longer references the TILA statute, the

> inquiry as to the presence of federal jurisdiction is not on the basis of how a complaint could have been structured or of what theory was eventually relied upon at trial.... [The Court] perceive[s its] task to require an examination of 'the face of the complaint' for a federal question. Generally speaking, the nature of plaintiffs' claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed.

Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir. 1979); Seawright v. Greenberg, 233 Fed.Appx. 145 (3d Cir. 2007) (quoting same). Accordingly, based upon Plaintiffs' initial complaint in effect at the time of removal, this Court has federal question jurisdiction over this suit.

15. Based on the foregoing, the Court DENIES Plaintiffs' motion to remand. An appropriate Order shall follow.

Date: April 27, 2012

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.